UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS HAGER, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>METRO ONE LOSS PREVENTION SERVICES GROUP, INC., a Maryland corporation; METRO ONE LOSS PREVENTION SERVICES GROUP (WEST COAST), INC., AND METRO ONE LOSS PREVENTION SERVICES GROUP (GUARDS), INC.,<br><br>Defendants. | CASE NO. 3:25-cv-05164-JHC<br><br>ORDER |

Before the Court is Plaintiff's "*Ex Parte* Application To Invalidate Releases, Enjoin Defendants And Their Counsel From Further Communications With Class Members Regarding Release Of Claims, And To Alleviate Damage Related To Defendants' Improper And Misleading Communications." Dkt. ## 46, 47.[1] Defendant opposes the application. *See* Dkt. # 52.

---

[1] Plaintiff filed the application at Dkt. # 46 and then a memorandum of points and authorities in support of the motion at Dkt. # 47. This departs from the Court's local rules, which provides that the "argument in support of the motion shall not be made in a separate document but shall be submitted as part of the motion itself." *See* LCR 7(b)(1).

ORDER - 1

Defendant has sent unsolicited offers of settlement to potential class members in this action between Defendant and current and former employees of Defendant. *See* Dkt. # 47 at 5–7. In response, Plaintiff filed the instant "ex parte application" seeking to enjoin Defendant from doing so. *See generally* Dkt. ## 46, 47. Plaintiff styles his motion as an "Ex parte application" for the relief he seeks, and apparently indicated on the docket sheet that his motion is for a temporary restraining order (TRO). Despite the indication on the docket sheet, the supporting memorandum does not refer to a TRO; rather, it asks for injunctive relief prohibiting Defendant from contacting potential class members. *See generally* Dkt. # 47; *id.* at 11 ("Plaintiff respectfully requests an order from the Court that . . . enjoins Defendants from initiating and/or continuing any communications with Class Members regarding settlement," among other requests).

Because Plaintiff seeks preliminary injunctive relief, Plaintiff should have filed his motion as a TRO or a preliminary injunction. "A party may seek to enjoin another party from causing the moving party irreparable harm by filing a motion for an injunction." *Hussein v. Ersek*, 2010 WL 1427331, at *1 (D. Nev. Apr. 8, 2010) (citing *Topanga Press, Inc. v. City of Los Angeles*, 989 F.2d 1524, 1528 (9th Cir. 1993)). Such relief is "'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed. 1995)).

Indeed, in this District, plaintiffs seeking to prevent defendants from picking off potential class members through such settlement offers generally move for a TRO to do so. *See, e.g.*, *Heathcote v. SpinX Games Ltd.*, 2021 WL 1663983, at *1, 3 (W.D. Wash. Apr. 28, 2021) (noting that the plaintiff moved for a TRO and citing *Winter* factors). In the comparable situation where defendants seek to pick off class members by creating new arbitration procedures, plaintiffs

ORDER - 2

opposing such tactics also file TROs. *See, e.g., Kater v. Churchill Downs Inc.*, 423 F. Supp. 3d 1055, 1058, 1060–61 (W.D. Wash. 2019) (noting that the plaintiff moved for a TRO and citing *Winter* factors); *Campos v. Big Fish Games, Inc.*, 2024 WL 3924666, at *1–2 (W.D. Wash. Aug. 23, 2024) (same); *Wilson v. Huuuge, Inc.*, 2020 WL 8771059, at *1 (W.D. Wash. Apr. 20, 2020) (noting that the plaintiff moved for a TRO).

And Plaintiff's motion does not set out, discuss, or apply any of the factors that courts are to consider in granting TROs or preliminary injunctions. Movants seeking a TRO must make certain showings and meet a specific standard; the same for preliminary injunctions. *Juarez v. Asher*, 556 F. Supp. 3d 1181, 1186 (W.D. Wash. 2021) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977)). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that [they are] likely to succeed on the merits, (2) that [they are] likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in [their] favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Plaintiff's motion does not make any showings related to these factors.

Accordingly, the Court DENIES Plaintiff's motion without prejudice.

Dated this 4th day of May, 2026.

John H. Chun
United States District Judge

ORDER - 3